**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHIANA AREA ELECTRICAL WORKERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INARI MEDICAL, INC., WILLIAM HOFFMAN, ANDREW HYKES, and MITCH C. HILL, <br><br> Defendants. | Civ. A. No. 1:24-cv-03686 (JHR) (JW) |
| PAUL HARTMANN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INARI MEDICAL, INC., WILLIAM HOFFMAN, ANDREW HYKES, and MITCH C. HILL, <br><br> Defendants. | Civ. A. No. 1:24-cv-04662(JHR) (JW) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**PAUL HARTMANN FOR CONSOLIDATION OF THE RELATED ACTIONS,**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF**
**LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ............................................................................................... ii

I.    PROCEDURAL BACKGROUND ............................................................................. 1

II.   SUMMARY OF THE RELATED ACTIONS ........................................................... 3

III.  ARGUMENT .............................................................................................................. 5

      A.    The Related Actions Should Be Consolidated ........................................................ 5

      B.    The PSLRA Standard for Appointing Lead Plaintiff ............................................. 6

      C.    Mr. Hartmann Is the "Most Adequate Plaintiff" under the Exchange Act .............. 7

            1.    Mr. Hartmann Has Satisfied the PSLRA's Procedural Requirements ..................................................................................... 7

            2.    Mr. Hartmann Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................... 8

      D.    Mr. Hartmann Is Qualified Under Rule 23 ............................................................. 8

            1.    Mr. Hartmann's Claims Are Typical of the Claims of the Class ................ 9

            2.    Mr. Hartmann Will Fairly and Adequately Represent the Class's Interests .................................................................................. 10

            3.    This Court Should Approve Mr. Hartmann's Choice of Counsel ............ 11

IV.   CONCLUSION ......................................................................................................... 12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Born v. Quad/Graphics, Inc.*,
   No. 19 Civ. 10376 (VEC), 2020 WL 994427 (S.D.N.Y. Mar. 2, 2020)....................... 9, 10, 11

*Faig v. Bioscrip, Inc.*,
   No. 13 Civ. 6922, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)............................................ 5

*Goldenberg v. NeoGenomics, Inc.*,
   No. 22 Civ. 10314 (JHR), 2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023) ...................... 9, 10, 11

*In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*,
   No. 08 M.D.L. 1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ............................................. 2

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
   No. 16 Civ. 03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ........................................... 9

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)................................................................................................. 5

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................. 5, 10, 11

*KuxKardos v. Vimpelcom, LTD.*,
   151 F. Supp. 3d 471 (S.D.N.Y 2016)..................................................................................... 5

*Logan v. QRx Pharma Ltd.*,
   No. 15 Civ. 4868, 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015) ........................................ 10

*Samit v. CBS Corp.*,
   No. 18 Civ. 7796 (VEC), 2018 WL 11224303 (S.D.N.Y. Nov. 30, 2018).............................. 9

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................... *passim*

15 U.S.C. § 78j(b) ............................................................................................................... 1

15 U.S.C. § 78t(a) ............................................................................................................... 1

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... *passim*

Fed. R. Civ. P. 42 .......................................................................................................... 1, 5

ii

Putative class member Paul Hartmann ("Mr. Hartmann"), by his counsel, respectfully submits this memorandum of law under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the above captioned related actions (the "Related Actions") under Rule 42 of the Federal Rules of Civil Procedure; (ii) appointing Mr. Hartmann as lead plaintiff; (iii) approving his selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as lead counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

Mr. Hartmann believes that with losses of approximately $716,873 that he has the largest financial interest in the outcome of this litigation and that he otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Thus he is presumptively entitled to be appointed lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## I.      <u>PROCEDURAL BACKGROUND</u>

Presently pending in this District are two securities class actions brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against Inari Medical, Inc. ("Inari" or the "Company"), William Hoffman ("Hoffman"), Andrew Hykes ("Hykes"), and Mitch C. Hill ("Hill") (the "Defendants"), for violations of federal securities laws on behalf of purchasers of Inari common stock.

On May 13, 2024, *Michiana Area Electrical Workers' Pension Fund v. Inari Medical Inc. et al,* No. 24 Civ. 03686 (JHR) (S.D.N.Y. 2024) (the "*Michiana* Action") was filed. *Michiana* Action, ECF No. 1.  Also on May 13, 2024, in accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, notice of the *Michiana* Action was published to class members on *BusinessWire* (the "*Michiana* Action Notice") advising purchasers of Inari common stock during the period February

24, 2022 through February 28, 2024 of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and alleged conduct.  The Notice further advised class members of their right to move the Court to be appointed lead plaintiff within 60 days, or July 12, 2024.[1]

On June 18, 2024, Mr. Hartmann filed *Hartmann v. Inari Medical, Inc. et al,* No. 24 Civ. 04662 (JHR) (S.D.N.Y. 2024) (the "*Hartmann* Action").  *Hartmann* Action, ECF No. 1.  Also on June 18, 2024, in accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, notice of the *Hartmann* Action was published to class members on *NewMediaWire* (the "*Hartmann* Action Notice") advising purchasers of Inari common stock during the period March 10, 2021 through February 28, 2024 of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and alleged conduct.[2]  The *Hartmann* Action Notice advised class members of their right to move the Court to be appointed lead plaintiff by July 12, 2024.

While the legal and factual allegations in the *Hartmann* Action are substantially the same as alleged in the *Michiana* Action, the *Hartmann* Action alleges a longer class period (March 10, 2021 through February 28, 2024) than the *Michiana* Action.  For the purposes of appointing the lead plaintiff, the longer class period in the *Hartmann* Action governs because it is the most inclusive period, and therefore, the Class Period March 10, 2021 through February 28, 2024 ("Class Period") will be used for the loss analysis.  *See e.g., In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*, No. 08 M.D.L. 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods "lead plaintiff analysis should utilize the most

---

[1] *See* Declaration of Jeffrey P. Campisi in Support of the Motion of Paul Hartmann for Consolidation of the Related Actions, Appointment as Lead Plaintiff and Approval of his Selection of Lead Counsel ("Campisi Decl."), dated July 12, 2024, Ex. A (*Michiana* Action Notice).

[2] *See* Campisi Decl., Ex. B (*Hartmann* Action Notice.)

inclusive class period because it encompasses more potential class members").

Mr. Hartmann now moves this Court to be appointed as lead plaintiff for the Related Actions.

## II.   SUMMARY OF THE RELATED ACTIONS

Inari is a medical device company that specializes in developing, manufacturing, and commercializing catheter-based technologies for treating venous thromboembolism ("VTE"), a condition that occurs when a blood clot forms in a vein, usually in the lower leg, thigh, or pelvis. *Michiana* Action (ECF No. 1), ¶2; *Hartmann* Action (ECF No. 1), ¶2. Throughout the Class Period, Defendants reported revenue growth and "continued U.S. commercial expansion and increased product adoption" that in material part was due to the success of the Company's marketing and sales activities. *Michiana* Action, ¶6; *Hartmann* Action, ¶3. For example, in a March 9, 2021 earnings conference call with analysts and investors, Defendant Hill represented that Inari's revenues for the fourth quarter of 2020, which were up 144% from the same period of the prior year, were "driven by the continued expansion of our sales force, the opening of new accounts and deeper penetration of our products in existing accounts." *Hartmann* Action, ¶4.

Moreover, throughout the Class Period, Defendants represented that the Company's continued revenue growth was attributable to its "growth drivers." *Id.*, ¶5. Specifically, Defendant Hoffman stated that the Company's first growth driver was the "expansion of [its] sales organization to target new hospitals and physicians," and that the Company's second growth driver was "building awareness and driving deeper adoption at existing hospital customers," which included the education and training of noninterventional physicians . . . who are responsible for treatments decisions for these patients." *Id.*

However, unknown to investors, Defendants failed to disclose that the Company's reported revenue growth and sales and marketing success was due in material part to meals and consulting

3

service payments to health care professionals by the Company that were in violation of the Federal Anti-Kickback Statute and Civil False Claims Act. *Michiana* Action, ¶6; *Hartmann* Action, ¶6.

Investors began to learn the truth on February 28, 2024, after the close of trading, when the Company held a conference call with analysts and investors during which it disclosed receipt of a civil investigative demand in December 2023 from the U.S. Department of Justice ("DOJ") "requesting information primarily related to meals and consulting service payments provided to healthcare professionals." *Michiana* Action, ¶3; *Hartmann* Action, ¶7. The Company further disclosed receipt of the civil investigative demand from the DOJ in its annual report for the fiscal year ended December 31, 2023 with the SEC on Form 10-K ("2023 10-K"), stating that:

> In December 2023, we received a civil investigative demand ("CID") from the U.S. Department of Justice, Civil Division, in connection with an investigation under the federal Anti-Kickback Statute and Civil False Claims Act (the "Investigation"). The CID requests information and documents primarily relating to meals and consulting service payments provided to health care professionals ("HCPs"). We are cooperating with the Investigation. We are unable to express a view at this time regarding the likely duration, or ultimate outcome, of the Investigation or estimate the possibility of, or amount or range of, any possible financial impact. Depending on the outcome of the Investigation, there may be a material impact on our business, results of operations, or financial condition.

*Michiana* Action, ¶54; *Hartmann* Action, ¶7.

As a result of this disclosure, Inari's share price declined from a closing price of $58.26 per share on February 28, 2024 to close at $46.12 per share on February 29, 2024, a decline of over $12 per share, or approximately 21%, on heavier than average volume of over 6 million shares traded. *Michiana* Action, ¶5; *Hartmann* Action, ¶8. In response to the disclosure, analysts that follow the Company reacted negatively and downgraded the stock. *Hartmann* Action, ¶9. For instance, Piper Sandler downgraded Inari from overweight to neutral and reduced its price target from $85 per share to $55 per share, stating that it was moving to the sidelines due to the DOJ investigation and concerns regarding Inari's business overall. *Id.* Likewise, a Needham analyst

4

stated that the investigation will create overhang on the stock and some near-term selling pressure on the Company's shares and could take years to resolve. *Id.*

As of the close of trading on June 17, 2024, Inari stock had not recovered, closing at $43.23 per share. *Hartmann* Action, ¶10. As a result of Defendants' wrongful acts and omissions, and the substantial decline in the market value of the Company's common stock, "Plaintiff and other class members have suffered significant losses and damages." *Id.*

### III.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 6922, 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) ("The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff.").

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *KuxKardos v. Vimpelcom, LTD.*, 151 F. Supp. 3d 471, 474 (S.D.N.Y 2016).  The Court has "broad discretion to determine whether consolidation is appropriate" under Rule 42(a). *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *KuxKardos*, 151 F. Supp. 3d at 475 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately.  *See*, *e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common

allegations noting "'the well[-]recognized' principle that the 'consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs'") (internal citation omitted).

The Related Actions concern the same parties, arise out of the same misconduct during substantially similar class periods, involve substantially similar alleged issues of fact, and assert claims under the Exchange Act. *Compare* complaint filed in *Hartmann* Action (ECF No. 1), *with* Complaint filed in *Michiana* Action (ECF No 1). Accordingly, consolidation of the Related Actions is warranted.

## B.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B).

6

Under the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.   Mr. Hartmann Is the "Most Adequate Plaintiff" under the Exchange Act

Mr. Hartmann respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. He has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class, and has losses as a result of his purchase of Inari common stock of approximately $716,873. *See* Campisi Decl., Ex. C; Ex. D. Finally, Mr. Hartmann has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. E (Firm resume of Kaplan Fox & Kilsheimer LLP). Accordingly, Mr. Hartmann satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore, should be appointed lead plaintiff.

### 1.   Mr. Hartmann Has Satisfied the PSLRA's Procedural Requirements

On May 13, 2024, the *Michiana* Action was filed and the *Michiana* Notice was published over the *Business Wire* national wire service the same day. *Michiana* ECF No. 1; Campisi Decl., Ex. A. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on July 12, 2024. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice,

Mr. Hartmann timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

### 2.    Mr. Hartmann Has the Largest Financial Interest in the Relief Sought by the Class

Under the PSLRA, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, Mr. Hartmann suffered substantial losses of approximately $716,873 as a result of purchasing shares of Inari common stock at artificially inflated prices during the Class Period.  *See* Campisi Decl., Ex. C; Ex. D. Mr. Hartmann purchased 99,327 shares during the Class Period, purchased 19,287 net shares during the Class Period, and he had net expenditures of $1,545,897 during the Class Period.  Mr. Hartmann is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant.  Therefore, he believes he is presumptively entitled to appointment as the lead plaintiff.

### D.    Mr. Hartmann Is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representatives. *Goldenberg v. NeoGenomics, Inc.,* No. 22 Civ. 10314 (JHR), 2023 WL 6389101, at *3 (S.D.N.Y. Oct. 2, 2023) (Rearden, J.) ("However, of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative, and they are therefore the only Rule 23(a) [requirements] relevant to the determination of lead plaintiff under the PSLRA.") (internal citations and quotations omitted); *Samit v. CBS Corp.*, No. 18 Civ. 7796 (VEC), 2018 WL 11224303, at *1 (S.D.N.Y. Nov. 30, 2018) ("[A] would-be lead plaintiff must make 'only a prima facie showing that the requirements of Rule 23 are met,' and the Court need only consider Rule 23's typicality and adequacy-of-representation requirements"); *Born v. Quad/Graphics, Inc.*, No. 19 Civ. 10376 (VEC), 2020 WL 994427, at *1  (S.D.N.Y. Mar. 2, 2020) (same); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16 Civ. 03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  As detailed below, Mr. Hartmann satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as lead plaintiff.

### 1.    Mr. Hartmann's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Born*, 2020 WL 994427, at *2; *see Goldenberg*, 2023 WL 6389101, at *4.

9

The claims asserted by Mr. Hartmann are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. He purchased Inari common stock, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. *Logan v. QRx Pharma Ltd.*, No. 15 Civ. 4868, 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose). Thus, Mr. Hartmann satisfies the typicality requirement of Rule 23(a).

### 2.      Mr. Hartmann Will Fairly and Adequately Represent the Class's Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Born*, 2020 WL 994427, at *2 (citing *Kaplan*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)); *Goldenberg*, 2023 WL 6389101, at *4. Here, Mr. Hartmann's interests are aligned with the members of the proposed class, and there is no evidence of any antagonism between Mr. Hartmann's interests and those of the class. As detailed above, Mr. Hartmann's claims raise similar questions of law and fact as claims of the members of the class, and his claims are typical of the members of the class.

Further, Mr. Hartmann has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff. *See* Campisi Decl., Ex. C; Ex. F (Declaration of Paul Hartmann, dated July 11, 2024). Mr. Hartmann understands that a lead plaintiff is required

to oversee counsel and direct litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that as lead plaintiff, he would owe duties to the Class to act in its best interest. *See* Ex. F.  Having suffered substantial losses, Mr. Hartmann will be a zealous advocate on behalf of the class.  Indeed, Mr. Hartmann has already taken action to benefit the class by filing one of the Related Actions, which alleges a longer class period.

In addition, Mr. Hartmann has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent him and the proposed class. *See id.*, Ex. E.  Thus, the close alignment of interests between Mr. Hartmann and other class members, and his strong desire to prosecute the Related Actions on behalf of the class, provide ample reason to grant his motion for appointment as lead plaintiff in the Related Actions.  Accordingly, Mr. Hartmann satisfies the prerequisites for appointment as lead plaintiff pursuant to the Exchange Act.

### 3.    This Court Should Approve Mr. Hartmann's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Born,* 2020 WL 994427, at *3 ("[T]he PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.") (citing *Kaplan,* 240 F.R.D at 96); *Goldenberg*, 2023 WL 6389101, at *6.  Mr. Hartmann has retained Kaplan Fox to file moving papers on his behalf seeking appointment as lead plaintiff and to serve as lead counsel to pursue this litigation on behalf of him and the class.  Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, including in this District.  *See* Campisi Decl., Ex. E.  Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

11

## IV.    <u>CONCLUSION</u>

For all of the foregoing reasons, Mr. Hartmann respectfully requests that the Court: (1)

consolidate the Related Actions; (2) appoint him as lead plaintiff; (3) approve his selection of

Kaplan Fox as lead counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  July 12, 2024                                      Respectfully submitted,

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi
Pamela Mayer
Brandon Fox
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
jcampisi@kaplanfox.com
pmayer@kaplanfox.com
bfox@kaplanfox.com

*Attorneys for Movant Paul Hartmann and Proposed*
*Lead Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, hereby certify that, on July 12, 2024, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi
