**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHIANA AREA ELECTRICAL WORKERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-03686-JHR |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT ARVIN NAZERZADEH-YAZDI AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |
| v. | |
| INARI MEDICAL, INC., WILLIAM HOFFMAN, ANDREW HYKES, and MITCH C. HILL, | |
| Defendants. | |
| PAUL HARTMANN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-04662-JHR |
| Plaintiff, | |
| v. | |
| INARI MEDICAL, INC., WILLIAM HOFFMAN, ANDREW HYKES, and MITCH C. HILL, | |
| Defendants. | |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gilbert v. Azure Power Glob. Ltd.*,
  2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) .........................................................................5, 6

*Richman v. Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) .......................................................................................3

**Statutes**

15 U.S.C. § 78u-4(a)(3) ................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 42(a) ......................................................................................1, 3

Fed. R. Civ. P. 23 .......................................................................................1, 2, 4

011255-11/2671353 V1

## I.      INTRODUCTION

The two above-captioned actions allege that Inari Medical, Inc. ("Inari" or the "Company") and certain of its officers made materially false and misleading statements in violation of the Securities Exchange Act of 1934. Specifically, the actions allege Defendants failed to disclose to investors that a significant portion of its expenses were used to compensate medical professionals improperly for using Inari's products in violation of the federal Anti-Kickback Statute and Civil False Claims Act. As a result of Defendants' false and misleading statements, investors, including movant Arvin Nazerzadeh-Yazdi ("Movant"), suffered significant harm when the fraud was ultimately revealed. Given that the two actions assert substantially identical claims against nearly identical Defendants on behalf of overlapping classes of investors that purchased Inari securities during similar class periods, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Movant believes he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in Inari

securities. *See* Certification and Loss Chart, Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii).[1]

In addition to asserting the largest financial interest in this litigation, Movant also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Movant, the owner of a property management company based in North Vancouver, British Columbia, is an experienced investor. *See* Gilmore Decl., Ex. C at ¶ 2. Further, Movant understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *Id*. at ¶¶ 4-5.

Movant has also demonstrated his adequacy through his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries on behalf of harmed investors. *See* Gilmore Decl., Ex. E at 54. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Movant's significant financial interest and his commitment to oversee this action, Movant respectfully requests the Court appoint him as Lead Plaintiff.

---

[1] The first-filed *Michiana* action properly alleges a class period of February 24, 2022 and February 28, 2024, inclusive. Although the later filed *Hartmann* action alleges a longer class period, March 10, 2021 and February 28, 2024, Movant submits the complaint there fails to provide a factual basis to extend the class period. Accordingly, Movant adopts the *Michiana* class period for purposes of adjudicating this motion.

011255-11/2671353 V1

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Two related securities class actions against Defendants governed by the PSLRA are currently pending in the Southern District of New York: *Michiana Area Electrical Workers' Pension Fund v. Inari Medical, Inc., et al.*, 1:24-cv-03686 (S.D.N.Y) (filed on May 13, 2024); and *Hartmann v. Inari Medical, Inc., et al.*, 1:24-cv-04662 (S.D.N.Y) (filed on June 18, 2024).

The *Michiana Area Electrical Workers' Pension Fund* Action alleges claims against Defendants of behalf of all purchasers of shares of the common stock of Inari between February 24, 2022 through February 28, 2024, inclusive.

The *Hartmann* action is substantially similar but alleges a longer class period: March 10, 2021 and February 28, 2024, inclusive.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Id.* Here the Related Actions are based upon the same alleged misconduct, name common Defendants, allege overlapping class periods, overlap in class definition, and assert identical claims. Consolidation, therefore, is appropriate.

### B.    Movant Should Be Appointed Lead Plaintiff

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The

PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1. Movant's Motion Is Timely

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on May 13, 2024 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Ex. D. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2. Movant Has The Largest Financial Interest In The Relief Sought By The Class

As set forth in Movant's PSLRA certification and loss chart, Movant purchased Inari securities and suffered substantial losses as a result of Defendants' alleged fraud. *See* Gilmore Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Movant Satisfies the Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). As set forth in greater detail below, Movant has retained counsel highly

- 4 -

experienced in vigorously and efficiently prosecuting securities class actions such as this action. There is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. Finally, Movant, the owner of a property management company and resident of North Vancouver, British Columbia, has the educational background, sophistication and interest to ensure this case is vigorously prosecuted. *See* Gilmore Decl., Ex. C at ¶¶ 2-5. Moreover, Movant has submitted a signed Certification and declaration stating his commitment to protecting the interests of classmembers, and the significant losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Exs. A-C; *see also*, *Gilbert v. Azure Power Glob. Ltd.*, 2022 WL 17539172, at *3 (S.D.N.Y. Dec. 8, 2022) (recognizing similar evidence proffered by lead plaintiff movant made a "preliminary showing" of adequacy and typicality requirements).

## C.     The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. E at page 54. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. E at page 56. Thus, the Court may be assured that by granting this motion, the

Class will receive the highest caliber of legal representation. *Azure Power Glob. Ltd.*, 2022 WL 17539172, at *3 (approving movant's choice of counsel).

### III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (3) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: July 12, 2024

Respectfully Submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By     */s/ Nathaniel A. Tarnor*
          NATHANIEL A. TARNOR

68 3rd Street, Suite 249
Brooklyn, NY11231
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein (*pro hac vice* forthcoming)
Lucas E. Gilmore (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

- 6 -

*Counsel for [Proposed] Lead Plaintiff
Arvin Nazerzadeh-Yazdi*

- 7 -

011255-11/2671353 V1

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

- 8 -

011255-11/2671353 V1