UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| MICHIANA AREA ELECTRICAL WORKERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:24-cv-03686-JHR |
| | : | CLASS ACTION |
| Plaintiff, | : : : : | |
| vs. | : : | |
| INARI MEDICAL, INC., WILLIAM HOFFMAN, ANDREW HYKES, and MITCH C. HILL, | : : : : : | |
| Defendants. | : : : | |
| | x | |
| PAUL HARTMANN, Individually and on Behalf of All Others Similarly Situated, | : : | Civil Action No. 1:24-cv-04662-JHR |
| | : | |
| Plaintiff, | : : : | CLASS ACTION |
| vs. | : : : | |
| INARI MEDICAL, INC., WILLIAM HOFFMAN, ANDREW HYKES, and MITCH C. HILL, | : : : : | |
| Defendants. | : : | |
| | x | |

**THE PENSION FUNDS' MEMORANDUM OF LAW IN OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT ............................................................................................................ 2

        A.      The Pension Funds Have the Largest Financial Interest in Both Proposed
            Class Periods ................................................................................................... 3

        B.      The Pension Funds Satisfy Rule 23's Requirements and Are Entitled to the
            Most Adequate Plaintiff Presumption ......................................................... 5

        C.      The Presumption in Favor of Appointing the Pension Funds as Lead
            Plaintiff Cannot Be Rebutted ...................................................................... 8

        D.      Hartmann and Nazerzadeh-Yazdi's Lead Plaintiff Motions Suffer from
            Disqualifying Defects Precluding Their Appointment as Lead Plaintiff ................ 8

III.    CONCLUSION ........................................................................................................ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ................................................................................8

*Born v. Quad/Graphics, Inc.*,
2020 WL 994427 (S.D.N.Y. Mar. 2, 2020) .........................................................9, 10

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) .......................................................................9

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .....................................................................................8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).......................................................................................5

*City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*,
2007 WL 2845125 (S.D.N.Y. Sept. 26, 2007)...........................................................8

*In re Elan Corp. Sec. Litig.*,
2009 WL 1321167 (S.D.N.Y. May 11, 2009) ..........................................................10

*Goldenberg v. NeoGenomics, Inc.*,
2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023) (Rearden, J.) ...................................3, 5

*Gross v. AT & T Inc.*,
2019 WL 3500496 (S.D.N.Y. July 31, 2019) ..........................................................10

*Hansen v. Ferrellgas Partners, L.P.*,
2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) (Sullivan, J.).........................................6

*In re Hebron Tech. Co., Ltd. Sec. Litig.*,
2020 WL 5548856 (S.D.N.Y. Sept. 16, 2020).........................................................10

*Hom v. Vale, S.A.*,
2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .............................................................11

*Husson v. Garrett Motion Inc.*,
2021 WL 211541 (S.D.N.Y. Jan. 21, 2021) (Cronan, J.) ......................................3, 5

*Lemm v. New York Cmty. Bancorp, Inc.*,
2024 WL 2022213 (E.D.N.Y. May 7, 2024) .............................................................6

**Page(s)**

*Parot v. Clarivate Plc*,
  2022 WL 1568735 (E.D.N.Y. May 18, 2022) ..........................................................................11

*Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*,
  256 F.R.D. 620 (E.D. Wis. 2009) ....................................................................................9, 10

*Randall v. Fifth St. Fin. Corp.*,
  2016 WL 462479 (S.D.N.Y. Feb. 1, 2016)................................................................................6

*Richman v. Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) (Crotty, J.)............................................................................3

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
  2023 WL 3750115 (S.D.N.Y. June 1, 2023) (Cronan, J.) ........................................................6

*Schaffer v. Horizon Pharma Plc*,
  2016 WL 3566238 (S.D.N.Y. June 27, 2016) ........................................................................10

**Statutes**

15 U.S.C. §78u-4(a) .............................................................................................. *passim*

**Other Authorities**

Fed. R. Civ P. 23 .................................................................................................... *passim*

## I.    INTRODUCTION

Three competing motions were filed in this case by putative class members seeking appointment as lead plaintiff pursuant to the PSLRA.[1]  The statutory framework of the PSLRA provides a strong presumption that the "most adequate plaintiff" in a securities class action is the "person or group of persons" with the largest financial interest in the relief sought by the class that also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  While there appears to be a dispute brewing between Nazerzadeh-Yazdi[2] and Hartmann regarding which of the two class periods should be applied to the Related Actions, the Court need not resolve that dispute at this time because the Pension Funds possess the largest financial interest and are the "most adequate plaintiff" in ***both*** class periods:



---

[1] The movants are: (1) Oklahoma Law Enforcement Retirement System ("OLERS"), Local 353, I.B.E.W. Pension Fund ("Local 353 PF"), and City of Pontiac Reestablished General Employees' Retirement System ("PGERS") (collectively, the "Pension Funds") (ECF 19); (2) Paul Hartmann (ECF 14); and (3) Arvin Nazerzadeh-Yazdi (ECF 17).

[2] Movant Arvin Nazerzadeh-Yazdi has today filed a notice of non-opposition to the competing lead plaintiff motions in which he concedes that he "does not have the largest financial interest in this litigation." *See* ECF 21 at 2.



**Movants' Losses/Gains in *Michiana* (2/24/2022 - 2/28/2024) Class Period**

| | |
|---|---|
| Pension Funds | $399,042 |
| Nazerzadeh-Yazdi | $158,282 |
| Hartmann | GAIN of $63,322 |

*See* ECF 17 at 2 n.1 (Nazerzadeh-Yazdi arguing that Hartmann "fails to provide a factual basis to extend the [*Michiana*] class period").

In addition to possessing the largest financial interest in the relief sought by the class, the Pension Funds also unquestionably satisfy Rule 23's requirements. *See* ECF 19 at 8-10; ECF 20-4. Because the Pension Funds have the largest financial interest of any movant and are a small group of pension funds that are committed to achieving the best possible outcome for the class, the Pension Funds respectfully request that the Court appoint them Lead Plaintiff.

By contrast, neither of the competing individual movants satisfy the PSLRA's requirements because they did not suffer the largest loss in either proposed class period, nor can they rebut the presumption in the Pension Funds' favor. Each of the competing motions also suffers from independently-disqualifying defects: Hartmann profited by more than $63,000 on his Inari Medical, Inc. ("Inari") investment in the *Michiana* class period, while Nazerzadeh-Yazdi failed to provide the Court his transactions in Inari shares in the *Hartmann* class period. Accordingly, because the competing movants cannot trigger the presumption, cannot rebut it, and suffer from disqualifying defects, the Pension Funds are entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and their choice of Lead Counsel should be approved. The competing motions should be denied.

## II. ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(B)(iii)(II).

As demonstrated herein, the Pension Funds are the presumptively "most adequate plaintiff" because they are the movant with the largest financial interest that also satisfies Rule 23's requirements.

### A.    The Pension Funds Have the Largest Financial Interest in Both Proposed Class Periods

"[T]he PSLRA does not indicate how to calculate which plaintiff has the 'largest financial interest.'"  *Husson v. Garrett Motion Inc.*, 2021 WL 211541, at *2 (S.D.N.Y. Jan. 21, 2021) (Cronan, J.).[3]  In order to make this calculation, most courts in this Circuit look to the so-called "*Olsten-Lax*" factors: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered."  *Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *3 (S.D.N.Y. Oct. 2, 2023) (Rearden, J.).  "'Consistent with other courts in this Circuit, [courts in this

---

[3]    Unless otherwise noted, all emphasis is added and citations are omitted.

District] place the greatest emphasis on the approximate loss suffered by the movant.'"  *Id*.; *see Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011) (Crotty, J.) ("[A] trend seems to be emerging that the *Lax* factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.").

Under the *Olsten-Lax* test, including its three most important factors (net shares purchased, net funds expended, and loss) in the *Hartmann* class period or all four factors in the *Michiana* class period, the Pension Funds clearly suffered the greatest financial interest in the relief sought by the class.

| Lax Factor Analysis in *Hartmann* (3/10/2021 - 2/28/2024) Class Period | | | | |
|---|---|---|---|---|
| **MOVANT** | **SHARES PURCHASED** | **NET SHARES PURCHASED** | **NET FUNDS EXPENDED** | **LOSS SUFFERED (LIFO)** |
| Pension Funds | 41,265 | **21,662** | **$1,822,002** | **$877,491** |
| Hartmann | **99,327** | 19,287 | $1,545,949 | $716,925 |
| Nazerzadeh-Yazdi[4] | ?????? | ?????? | ?????? | ??????? |

| Lax Factor Analysis in *Michiana* (2/24/2022 - 2/28/2024) Class Period | | | | |
|---|---|---|---|---|
| **MOVANT** | **SHARES PURCHASED** | **NET SHARES PURCHASED** | **NET FUNDS EXPENDED** | **LOSS SUFFERED (LIFO)** |
| Pension Funds | **23,230** | **6,522** | **$512,235** | **$399,042** |
| Nazerzadeh-Yazdi | 6,411 | 6,011 | $422,544 | $158,282 |
| Hartmann | 21,000 | 2,560 *NET SALES* | $484,822 *GAIN* | $63,322 *GAIN* |

---

[4]    Nazerzadeh-Yazdi neither provided his losses in the *Hartmann* class period nor complied with the PSLRA's Certification requirement to set forth all of his transactions for the *Hartmann* class period.  *See* ECF 17-2 at 2 (Nazerzadeh-Yazdi's PSLRA Certification setting forth his transactions during only the shorter *Michiana* class period, *i.e.*, between February 24, 2022 and February 28, 2024).

In sum, regardless of the metrics (or the class period) employed by any of the competing movants in their motions, the Pension Funds possess the largest financial interest. As this Court has recognized, the PSLRA's process proves that, "[a]fter the Court has identified the plaintiff with the largest financial interest in the litigation, it must 'focus on *that plaintiff alone* and be limited to determining whether he satisfies the other statutory requirements [of the PSLRA].'" *Goldenberg*, 2023 WL 6389101, at \*3.

**B.     The Pension Funds Satisfy Rule 23's Requirements and Are Entitled to the Most Adequate Plaintiff Presumption**

Pursuant to the PSLRA's sequential process, having identified the Pension Funds as the movant with the largest financial interest, the Court proceeds by assessing whether the Pension Funds "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). One need only make a '"preliminary showing'" at this stage that Rule 23's typicality and adequacy requirements have been satisfied. *Husson*, 2021 WL 211541, at \*3. The Pension Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff. *See* ECF 19 at 8-11; ECF 20-4.

The Pension Funds meet Rule 23's typicality requirement because their claims '"arise[] from the same course of events'" as the claims of all other class members and involve '"similar legal arguments to prove the defendant's liability.'" *Husson*, 2021 WL 211541, at \*3. In particular, the Pension Funds: (1) purchased Inari common stock; (2) in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. The Pension Funds also meet Rule 23's adequacy requirement because their interests are aligned with the interests of the other members of the class.

In addition, the Pension Funds – sophisticated institutional investors with experience successfully serving as lead plaintiffs – are the preferred lead plaintiff candidate pursuant to the

PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). Indeed courts have found that the preference for institutional investors is strong enough to "countervail[]" a non-institutional investor's slightly larger losses. *See, e.g.*, *Lemm v. New York Cmty. Bancorp, Inc.*, 2024 WL 2022213, at \*7 (E.D.N.Y. May 7, 2024) ("Further, while Sand Hollow is the presumptive lead plaintiff due to its higher losses, the Court takes note of a countervailing Congressional preference for institutional investors like Boston Retirement."); *Randall v. Fifth St. Fin. Corp.*, 2016 WL 462479, at \*3 (S.D.N.Y. Feb. 1, 2016) (appointing institutional investor because of Congressional preference where individual investor had approximately equal or slightly larger loss). Here, the Pension Funds not only possess the largest financial interest in both proposed class periods, but they are also the ideal lead plaintiff envisioned by Congress. To be sure, the PSLRA by its plain language envisions a "group of persons" serving as lead plaintiff "without imposing any further statutory requirements on such a group." *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at \*3 (S.D.N.Y. June 1, 2023) (Cronan, J.) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)); *see also* §§78u-4(a)(3)(B)(i)) (requiring the court to "appoint as lead plaintiff the member or **members** of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members"). And while the PSLRA does **not** "impose on a group seeking lead plaintiff appointment any greater showing with respect to its financial interest by virtue of its status as a group," the Pension Funds nonetheless submitted a Joint Declaration evidencing their ability to carry out the duties and responsibilities owed to other class members to monitor the prosecution of this action in the best interests of the class. *See* ECF

20-4; *San Antonio Fire & Police Pension Fund*, 2023 WL 3750115, at *3.[5] The Pension Funds' Joint Declaration explains that their collaboration in this litigation follows from their roles as fiduciaries charged with collectively managing over $3 billion in retirement assets for their beneficiaries, which include first responders, public employees, and electrical workers. *See* ECF 20-4, ¶¶2-4.[6] Moreover, the Pension Funds have all had (or are currently having) "positive experiences serving as representative parties in securities and shareholder litigation as part of small groups." *Id.*; *see, e.g.*, *Logan v. ProPetro Holding Corp.*, No. 7:19-cv-00217 (W.D. Tex.) (OLERS recovering $30 million for the class as part of a small lead plaintiff group); *Azar v. Grubhub Inc.*, No. 1:19-cv-07665 (N.D. Ill.) (PGERS obtaining a $42 million recovery as part of a small lead plaintiff group); *In re Eargo, Inc. Sec. Litig.*, No. 3:21-cv-08597 (N.D. Cal.) (Local 353 PF currently serving as part of a small lead plaintiff group); *Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc.*, No. 3:22-cv-03023 (N.D. Cal.) (same). Prior to making their lead plaintiff motion, the Pension Funds discussed their strategy for jointly prosecuting this case and set up protocols for doing so. *See* ECF 20-4, ¶8. And, as reflected in their Joint Declaration, the Pension Funds chose Robbins Geller Rudman & Dowd LLP and Grant & Eisenhofer P.A. as lead counsel due to the firms' success in prosecuting securities class actions. *Id.*, ¶9.

---

[5] *See also Hansen v. Ferrellgas Partners, L.P.*, 2017 WL 281742, at *3 n.4 (S.D.N.Y. Jan. 19, 2017) (Sullivan, J.) ("Accordingly, to the extent decisions in this District suggest that the PSLRA requires a greater showing from a group with the largest financial interest, . . . the Court respectfully disagrees that the statute imposes such a rule.").

[6] The Pension Funds' decision to seek lead plaintiff status together, which stemmed in part from their "comprehensive and complementary purchasing patterns in ***both*** alleged class periods," proved prescient as the Pension Funds are now the only lead plaintiff movant that can insulate absent class members from Hartmann and Nazerzadeh-Yazdi's dueling self-serving attempts to mold the class definition to the specifics of their own trading. *See id.*, ¶7

Simply put, "[t]hese pension systems have vast assets, apparent investment sophistication, experience in some prior and current class-action lawsuits, and an administrative structure under which they fulfill their fiduciary obligations to their members by choosing counsel to represent them and then maintaining oversight over those attorneys." *City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*, 2007 WL 2845125, at \*4 (S.D.N.Y. Sept. 26, 2007); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) ("cooperation among plaintiffs, particularly plaintiffs that are sophisticated institutional investors" demonstrates the group's ability to oversee counsel). Thus, Pension Funds have triggered the PSLRA's "most adequate plaintiff" presumption.

## C. The Presumption in Favor of Appointing the Pension Funds as Lead Plaintiff Cannot Be Rebutted

To rebut the strong presumption in favor of appointing the Pension Funds as lead plaintiff, the PSLRA requires "proof" that the Pension Funds "will not fairly and adequately protect the interests of the class; or . . . [are] subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Here, the competing movants cannot offer any such proof. Accordingly, the Court should grant the Pension Funds' lead plaintiff motion and deny the competing motions.

## D. Hartmann and Nazerzadeh-Yazdi's Lead Plaintiff Motions Suffer from Disqualifying Defects Precluding Their Appointment as Lead Plaintiff

Because both competing movants claim smaller losses than the Pension Funds and do not trigger the statutory presumption on that basis alone, the "most adequate plaintiff" inquiry begins and ends with the Pension Funds. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (district courts should not "engage[] in a freewheeling comparison of the parties competing for lead

- 8 -

plaintiff"). Even, assuming arguendo that Hartmann or Nazerzadeh-Yazdi were the only two movants before the Court, neither would be eligible for the PSLRA presumption.

Hartmann would not be eligible for lead plaintiff appointment in the Pension Funds' absence because his standing to sue will – *for the entire duration of this litigation* – be contingent upon the Court accepting Hartmann's last-minute expansion of the class period. As background, the first complaint in this action was filed on May 13, 2024, alleging a class period from February 24, 2022 through February 28, 2024. *See Michiana Area Electrical Workers' Pension Fund v. Inari Medical, Inc*., No. 1:24-cv-03686 (S.D.N.Y.). On June 18, 2024, five weeks after the *Michiana* complaint was filed, Mr. Hartmann filed his own complaint (*Hartmann v. Inari Medical, Inc*., No. 1:24-cv-004662 (S.D.N.Y.)) expanding the class period by nearly a year (March 10, 2021 through February 28, 2024), which conveniently allowed Mr. Hartmann to claim losses associated with his investment which he did not suffer under the *Michiana* class period. Recognizing this fact, Nazerzadeh-Yazdi argues that the Hartmann complaint "fails to provide a factual basis to extend the class period." ECF 17 at 2 n.1.[7] Putting aside the motivation or merits behind the filing of the *Hartmann* complaint, it is undeniable that Hartmann has a $63,000 *gain* on his Inari investment in the *Michiana* class period, subjecting him to unique defenses that he lacks standing and did not suffer damages. Likewise, Hartmann is both a "net seller" and "net gainer" by virtue of having sold 2,560 more shares during the *Michiana* class period than he purchased, and having

---

[7] *See generally In re BP, PLC Sec. Litig*., 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) (recognizing that "[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest"); *see also Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp*., 256 F.R.D. 620, 625 (E.D. Wis. 2009) (recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination").

received roughly $485,000 more from his sales of Inari shares than he expended purchasing Inari shares during that period. Courts recognize that movants that are both net sellers and net gainers are "effectively disqualifie[d]" from serving as lead plaintiff because they are atypical and subject to the unique defense that they benefited from the fraud. *Born v. Quad/Graphics, Inc.*, 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020). Thus, if the Court were to adopt the *Michiana* class period ***at any point*** in this litigation (or even if it adopts the *Hartmann* class period but shortens it on the front end), Hartmann would be completely stripped of any loss and his standing to sue. *See id.*, at *2 (declining to appoint movant that was a net-seller and net-gainer in ***one*** of the two proposed class periods).[8]

To be clear, "'[a]t this stage in the litigation, it would be inappropriate for the Court to determine the earliest possible date on which investors were deceived.'" *Born*, 2020 WL 994427, at *2 (quoting *In re Centerline Holding Co. Sec. Litig.*, 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008)). Rather, the Court should be "exceedingly concerned with [Hartmann's] fitness to represent a class of investors should the [*Michiana*] class period prevail." *Born*, 2020 WL 994427,

---

[8]  "[T]o rebut the presumption in favor of the movant with the greatest financial loss, there must be 'proof' of a non-speculative risk that the movant will not be adequate." *Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at *3 (S.D.N.Y. June 27, 2016). "And, because the PSLRA requires proof that the movant is merely 'subject to' unique defenses, 'many courts have rejected appointments of lead plaintiffs based on ***potential*** risks.'" *In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2020 WL 5548856, at *7 (S.D.N.Y. Sept. 16, 2020) (quoting *Schaffer*, 2016 WL 3566238, at *3) (emphasis in original). "This approach protects members of the putative class, because even ultimately unsuccessful unique defenses may 'divert attention from the substance of the basic claim,' and class members are 'entitled to be represented by someone unhindered by' such distractions." *Id.*; *see also Gross v. AT & T Inc.*, 2019 WL 3500496, at *2 (S.D.N.Y. July 31, 2019) ("Before disqualifying a potential lead plaintiff on [the basis that he is subject to a unique defense], the Court need not conclude that the defense is likely to or will succeed."); *In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (This Court disqualifying a candidate that "***could*** subject the class to unique defenses, causing unnecessary conflict.").

at *2[9] Accordingly, Hartmann cannot be appointed lead plaintiff because regardless of which class period controls, he is vulnerable to standing challenges which already came to light when Nazerzadeh-Yazdi challenged Hartmann's expansion of the *Michiana* class period.

Nazerzadeh-Yazdi's candidacy as a lead plaintiff is likewise a nonstarter as he fails to comply with even the most basic requirement of the PSLRA requiring movants to disclose ***all*** of their transactions in the relevant securities.[10]    While the Pension Funds and Hartmann both executed the requisite Certifications and disclosed their trading in ***both*** proposed class periods, Nazerzadeh-Yazdi's sworn Certification only purports to identify his transactions in the *Michiana* class period and predates the filing of the *Hartmann* complaint.  ECF 17-2 at 2.  Nazerzadeh-Yazdi's inability or unwillingness to provide his fulsome transactional history in the *Hartmann* class period is particularly troubling given the fact that courts in this district and around the country tend to apply the longest class period to the lead plaintiff inquiry.  *See Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("the longer, more inclusive class period is proper for purposes of the present motion because the longer class period encompasses more potential class members and damages"); *Parot v. Clarivate Plc*, 2022 WL 1568735, at *5 n.5 (E.D.N.Y. May 18, 2022) ("Where, as here, the motion relates to pleadings alleging varying class periods, courts use the longest class period in determining the largest financial interest.").  It is of no moment that

---

[9]    *See Elan*, 2009 WL 1321167, at *1 (citing *Centerline*, 2008 WL 1959799, at *3, for the proposition that district courts employ a "plausibility" test to assess the propriety of alleged class periods); *MGIC*, 256 F.R.D. at 625 (adopting test whether newly-alleged class period is "obviously frivolous"; recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination").

[10]    The PSLRA's certification provision requires a movant seeking to serve as a representative party to identify ***all*** of the transactions of the movant in the security that is the subject of the complaint during the class period specified in the complaint.  *See* 15 U.S.C. §78u-4(a)(2)(A)(v).

Nazerzadeh-Yazdi wants this Court to "adopt[] the *Michiana* class period for the purposes of adjudicating this motion."  ECF 17 at 2 n.1.  His failure to file a comprehensive Certification by the 60-day deadline is a basis for summarily rejecting his lead plaintiff motion.

## III.    CONCLUSION

It is axiomatic that the investor with the largest financial interest that also satisfies the requirements of Rule 23 is entitled to the PSLRA's most adequate plaintiff presumption.  The Pension Funds possess the largest financial interest in both proposed class periods.  The competing movants do not possess the largest financial interest and, therefore, cannot trigger the presumption.  Accordingly, the Pension Funds respectfully submit that their motion (ECF 19) should be granted, and the competing motions (ECF 14, 17) should be denied.

DATED:  July 26, 2024                              Respectfully submitted,

*/s/ Daniel L. Berger*
**GRANT & EISENHOFER P.A.**
Daniel L. Berger
Caitlin M. Moyna
485 Lexington Avenue, 29th Floor
Tel.: (646) 722-8500
Fax: (646) 722-8501
dberger@gelaw.com
cmoyna@gelaw.com

*/s/ Samuel H. Rudman*
**ROBBINS GELLER RUDMAN
& DOWD LLP**
Samuel H. Rudman
David A. Rosenfeld
58 South Service Road, Suite 200
Melville, NY 11747
Tel.: (631) 367-7100
Fax: (631) 367-1173
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

- 12 -

**ASHERKELLY**
Michael J. Asher
Jacqueline A. Kelly
Cynthia J. Billings-Dunn
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Tel.: (248) 746-2710
masher@asherkellylaw.com
jkelly@asherkellylaw.com
cbdunn@asherkellylaw.com

*Additional Counsel*