UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHIANA AREA ELECTRICAL WORKER'S PENSION FUND, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>INARI MEDICAL, INC., et al,<br><br>Defendants. | **ORDER**<br><br>24-CV-3686 (JHR) (JW) |
| PAUL HARTMANN, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>INARI MEDICAL, INC., et al,<br><br>Defendants. | 24-CV-4662 (JHR) (JW) |

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court is a motion to consolidate the two instant actions. In both private securities actions, the plaintiffs Paul Hartmann ("Hartmann") and Michiana Area Electrical Workers' Pension Fund ("Michiana")[1] allege that the defendants Inari Medical, Inc. ("Inari"), William Hoffman, former president and CEO of Inari, Andrew

---

[1] Michiana brought their action individually and on behalf of other similarly situated, which Oklahoma Law Enforcement Retirement System and City of Pontiac Reestablished General Employees' Retirement System (collectively "Pension Funds").

1

Hykes, current president and CEO of Inari, and Mitch C. Hill, CFO of Inari, (collectively "Defendants") omitted material facts to deceive investors, which resulted in plaintiffs suffering significant financial losses. Michiana Area Electrical Workers' Pension Fund v. Inari Medical, Inc. et al, No. 24-CV-3686 (JHR) (JW), Dkt. No. 1, at 2; Hartman v. Inari Medical, Inc. et al, No. 24-CV-4662 (JHR) (JW), Dkt. No. 1, at 3-4. For the reasons stated in the discussion section below, the motions to consolidate the two actions are **GRANTED**.

Additionally, the Court held oral argument on March 19, 2025 on Hartmann's and Michiana's motions to appoint lead plaintiffs and lead counsels. The Court directs the parties to order an expedited copy of the transcript and provide it to the Court.

## BACKGROUND

On May 13, 2024, Michiana Area Electrical Workers' Pension Fund ("Michiana") filed the Michiana action. Michiana alleged that Defendants mislead investors by failing to disclose a bribery scheme. Michiana, No. 24-CV-3686 (JHR) (JW), Dkt. No. 1, at 2. One month later, on June 18, 2024, Hartmann filed the Hartmann action. Hartmann involves with the same defendants, the same claims, and the same allegations concerning Defendants' bribery scheme. Hartman, No. 24-CV-4662 (JHR) (JW), Dkt. No. 1, at 2.

In the month July 2024, the instant motions were made by Hartmann and the Pension Funds.[2] Hartmann moved to consolidate the Hartmann and Michiana

---

[2] Arvin Nazerzadeh-Yazdi also filed a motion to consolidate and to have him and his counsel be appointed lead plaintiff and counsel, however he withdrew his motion once it became apparent that he did not "have the largest financial interest in this litigation." Michiana, No. 24-CV-3686 (JHR) (JW), Dkt. No. 21, at 1-2.

2

actions, moved the Court to appoint him and his counsel as lead plaintiff and counsel. Michiana, No. 24-CV-3686 (JHR) (JW), Dkt. No. 13. Michiana, joined by other pension funds, Oklahoma Law Enforcement Retirement System and City of Pontiac Reestablished General Employees' Retirement System, also moved to consolidate the two actions and have the Pension Funds and their counsels appointed as lead plaintiffs and counsels. Michiana, No. 24-CV-3686 (JHR) (JW), Dkt. No. 18. These motions were referred to this Court, along with general pretrial matters.

## LEGAL STANDARD

A district court may consolidate "actions ... involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation is appropriate when it serves "the interest of judicial economy, timeliness, and cost reduction while honoring the paramount concern of a fair and impartial trial." May v. Barclays PLC, No. 23-CV-2583 (LJL), 2023 WL 5950689, at *5 (S.D.N.Y. Sept. 13, 2023) (quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990)).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a court must decide whether to consolidate related actions before selecting a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). "Consolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports and where consolidation would not prejudice the defendants." Constance Sczesny Tr. v. KPMG LLP, No. 03-CV-6480 (SHS), 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (internal quotation marks and citation omitted).

## DISCUSSION

Although the issue of whether the two cases should be consolidated is uncontested, the Court still considers its appropriateness. Both the <u>Hartmann</u> and <u>Michiana</u> actions concern the same defendants and the same allegations that those defendants failed to disclose an alleged bribery scheme. <u>Michiana</u>, No. 24-CV-3686 (JHR) (JW), Dkt. No. 1, at 2; <u>Hartman</u>, No. 24-CV-4662 (JHR) (JW), Dkt. No. 1, at 2. Both actions are based on the same claims, Sections 10(b) and 20(a) of the Exchange Act. <u>Michiana</u>, No. 24-CV-3686 (JHR) (JW), Dkt. No. 1, at 23, 25; <u>Hartman</u>, No. 24-CV-3686 (JHR) (JW), Dkt. No. 1, at 31, 33. The two cases concern "common questions of law" and "fact." See Fed. R. Civ. P. 42(a). Additionally, Defendants have not opposed consolidation, which weighs against the "potential for prejudice." <u>May</u>, 2023 WL 5950689, at *5 (internal citation omitted). Therefore, consolidation is appropriate under FRCP Rule 42(a). The Court grants Hartmann's and the Pension Funds' motions to consolidate <u>Michiana Area Electrical Workers' Pension Fund v. Inari Medical, Inc. et al</u>, No. 24-CV-3686 and <u>Hartman v. Inari Medical, Inc. et al</u>, No. 24-CV-4662.

## CONCLUSION

For the aforementioned reasons, the motions to consolidate the two actions are **GRANTED**. Additionally, the Court directs the parties to order an expedited copy of the transcript for the oral argument held on March 19, 2025 and provide it to the Court.

5

The Clerk of Court is respectfully requested to consolidate <u>Hartmann v. Inari Medical, Inc. et al</u>, No. 24-CV-4662 (JHR) (JW) under the older case <u>Michiana Area Electrical Workers' Pension Fund v. Inari Medical, Inc. et al</u>, No. 24-CV-3686 (JHR) (JW).

SO ORDERED.

DATED:   New York, New York
         March 19, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge